**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DL,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:23-cv-1122** |
| | § | |
| **JS,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
UNDER PSEUDONYMS  AND OPENING BRIEF IN SUPPORT**

Plaintiff DL, by and through his undersigned counsel, pursuant to Federal Rules of Civil

Procedure 5.2, respectfully moves this Court for an order granting him leave to proceed under

pseudonyms.

Plaintiff seeks to proceed under pseudonyms to avoid violation of a Utah Court Order

classifying a case filed there by Defendant JS as private, and because proceeding under

pseudonyms is necessary to protect the parties and their families from undue harassment,

discrimination, and violence because of the Defendant's defamatory allegations of sexual

misconduct and criminal activity forming the basis of Plaintiff's claims in this case.[1]

Because the privacy rights of Plaintiff, Defendant, and their respective families

outweigh the presumption of openness in federal courts, the Plaintiff should be allowed to

proceed under pseudonyms.

Plaintiff respectfully submits the following brief in support of his motion.

---

[1]   To protect Plaintiff's privacy pending consideration of this motion, in his Complaint and this motion, Plaintiff has
used the pseudonyms for which he seeks leave to use in this action. Should the Court deny this motion, Plaintiff
will amend his Complaint to use his real name and the real names of Defendant and his daughter.

## **INTRODUCTION**

Plaintiff DL dated ES, the daughter of Defendant JS, from September 2021 through January 2022 when they were both 17 years old and high school classmates in Park City, Utah. During the course of their relationship, Plaintiff and ES had consensual sex on multiple occasions, at times employing protection and at other times having unprotected sex. On the night of December 18, 2021, Plaintiff's family was hosting a Christmas party and ES drove over to their house to attend.  Plaintiff was intoxicated and ES was not intoxicated. ES chose to have sex with Plaintiff in Plaintiff's bedroom.   During intercourse, Plaintiff was having difficulty maintaining an erection because of his intoxication, so he removed his condom in order to be able to continue to perform.  Plaintiff did not believe taking his condom off would be upsetting to ES as long as he did not ejaculate because they were in an exclusive relationship, she was on the pill, neither had any STD's, they had engaged in unprotected oral sex on prior occasions, and stopping before ejaculation is what they had done when she had instigated unprotected vaginal sex in her car days earlier.

ES claims that she first realized Plaintiff was not wearing a condom when she felt it on the bed next to her arm.  ES expressed to Plaintiff that she was upset by him removing the condom without discussing it with her first, and he apologized.  The couple quickly reconciled and continued to date.  ES did not get pregnant and neither caught an STD.

Plaintiff broke off the relationship a few weeks later.  They agreed to remain friends after the breakup, and they went to the same parties, including at least one party she hosted at her parents' house. When Plaintiff started dating another young woman who ES knew, ES began "bad mouthing" Plaintiff around their high school, and claimed that he had sexually assaulted her.

ES and her mother then went to the Summit County District Attorney's office and complained that she had been sexually assaulted. The Summit County District Attorney declined to prosecute DL because, even if the acts occurred as Defendant's daughter alleges, those acts do not amount to sexual assault under Utah Law. The District Attorney's office issued a declination letter, a copy of which has been provided to Defendant and ES.  As a result, Defendant and ES undoubtedly know that Plaintiff did not sexually assault ES and that Plaintiff has not committed any crime. Despite this knowledge, Defendant JS has engaged in a defamatory letter-writing campaign to smear Plaintiff's name using the allegations that they know to be false.

JS and ES filed a civil lawsuit against Plaintiff and his parents in May 2022. Following a motion by Plaintiff's civil defense lawyers in Utah, the court in Utah determined that the lawsuit filed there by Defendant should be classified as private and ordered that DL and his parents be renamed with pseudonyms. Specifically, the Utah Court also ordered that the matter be "CLASSIFIED AS PRIVATE as provided in UT R J ADMIN RULE 4-202.04(5)(A) so that the public may not have access to the pleadings or filings contained therein as provided in UT R J ADMIN Rule 4-202.03(3)." (Emphasis in original). A redacted copy of the Utah Court's order is attached as Exhibit A. The Utah case has been compromised and dismissed.

Plaintiff seeks leave to proceed under pseudonyms in order to avoid further publicizing the unfounded allegations of sexual misconduct that Defendant JS has published numerous times in an attempt to defame Plaintiff. Plaintiff also seeks to avoid publicizing matters which a Utah Court has previously ordered classified private. Moreover, because these allegations involve sexual assault, and the parties were minors at the time of the allegations, Plaintiff fears he and his family would be subjected to discrimination, harassment and violence.

Plaintiff has no objection to providing his legal name to counsel for Defendant and the Court. Plaintiff also does not intend to prevent the public from having access to the Court's rulings or observing the proceedings of this Court under adequate protections. Plaintiff wants only to prevent public disclosure of the identities of the parties.

Accordingly, Plaintiff respectfully asks this Court for leave to proceed under pseudonyms to protect all parties' identities from public disclosure.

## ARGUMENT

In general, a complaint must state the names of all parties. *See* FED. R. CIV. P. 10(a). But "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

The Fifth Circuit allows plaintiffs to proceed anonymously in "matters of a sensitive and highly personal nature." *See e.g.*, *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (citing *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)). There is no exact "formula for ascertaining whether a party may sue anonymously." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The decision requires a balance of a "party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* "The normal practice of disclosing the parties' identities yield[s] to a policy of protecting privacy in a very private matter." *S. Methodist Univ. Ass'n*, 599 F.2d at 712. In cases where the court granted the use of a pseudonym, the anonymous party "divulged personal information of the utmost intimacy." *Id.* at 713.

In *Doe v. Stegall*, the minor plaintiffs were allowed to proceed under a pseudonym. *Stegall*, 653 F.2d at 186. The plaintiffs attended a public school that allegedly pressured students to participate in various religious activities. *Id.* at 182. The plaintiffs sought to enjoin the school from continuing this policy. *Id.* Fearing public harassment and violence, they moved to proceed

under a pseudonym. *Id.* The Fifth Circuit reasoned that they would be the target of social harm and serious ostracization if they proceeded without a pseudonym. *Id.* at 186. Additionally, the court found that the case involved a sufficiently private matter. *Id.*

By way of contrast, the present case involves allegations of sexual assault. The Fifth Circuit has not expressly addressed the use of a pseudonym in cases of sexual assault. However, at least one District Court in the Western District of Texas has provided for the use of pseudonyms where the case involves allegations of sexual misconduct where the alleged victim is a minor. In *Doe v. Trustees of Socorro Indep. Sch. Dist.*, the Court allowed the plaintiff to proceed under a pseudonym where the plaintiff brought suit alleging sexual misconduct against an employee of the Socorro Independent School District, and in the criminal proceeding prior to the filing of the civil complaint, plaintiff had proceeded under a pseudonym and her identity had not been revealed to the public. *Doe v. Trustees of Socorro Indep. Sch. Dist.*, No. EP-18-CV-00162-FM, 2018 WL 11471569, at *1 (W.D. Tex. June 25, 2018)No. EP-18-CV-00162-FM, 2018 WL 11471569, at *1 (W.D. Tex. June 25, 2018). The Court there found that the suit involved "matters of the utmost intimacy: details of sexual misconduct," and noted that "the Fifth Circuit has held that fears of retaliation and of harm to well-being are important factors to consider." *Id.* at *3 (*citing Stegall,* 653 F.2d at 186).

The present case is analogous to the case in *Doe v. Trustees of Socorro Indep. Sch. Dist.* Here, Plaintiff and Defendant proceeded under pseudonyms in a previously filed case. Moreover, the Court classified that case as private and ordered that the public may not have access to the pleadings or filings contained therein. Further, Plaintiff seeks to protect his reputation, the reputation of Defendant's daughter, ES, and to avoid further dissemination of the defamatory allegations made by Defendant JS.

Plaintiffs do not seek to restrict the public's general right to access the filings, proceedings, and rulings in this case. Plaintiffs' request is narrowly tailored to prevent only the public disclosure of the parties' identities and those of their families. Where, as here, the "public will have access to the facts relevant to the parties' arguments and the Court's ultimate decision in the case, an order permitting Plaintiff to proceed under a pseudonym will not unreasonably interfere with the public's interest in access to judicial records and will promote the public's interest" by protecting every individual's constitutional rights. *Doe v. Stand. Ins. Co.*, No. 1:15–cv–00105–GZS, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015).

Furthermore, Plaintiff does not seek to withhold his identity from Defendant or the Court, but only to proceed pseudonymously to prevent disclosure of Plaintiff's identity in public documents. Allowing Plaintiff to proceed under pseudonyms will not prejudice Defendant; Defendant is aware of Plaintiff's identity.

## **CONCLUSION**

The highly sensitive and private nature of the information at issue and the previously filed Utah lawsuit which has been classified as private both support granting leave for the Plaintiff to proceed under pseudonyms. Granting this motion will not prejudice Defendant or the public. In sum, this is an exceptional case where the need for anonymity outweighs the public interest in disclosing the identities of the parties or their families.

For these and the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion to proceed under pseudonyms.

Date: September 19, 2023                          Respectfully submitted,

/s/ Derek Merman
Derek Merman *Pro Hac Vice pending*
Attorney in Charge
Texas Bar No. 24040110

Federal Bar No. 578113
**HEARD MERMAN LAW FIRM**
4900 Fournace Place, Suite 240
Bellaire, Texas 77401
713.665.1100 Voice
713.481.7082 Facsimile
HLFpi@HeardMerman.com

/s/ Dick DeGuerin
Dick DeGuerin
**DEGUERIN & DICKSON**
Texas Bar No. 05638000
Federal Bar No. 6204
1018 Preston, 7th Floor
Houston, Texas 77002
713.223.5959 Voice
713.223.9231 Facsimile
dick@deguerin.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that this motion will be served concurrently with the service of the Summons and Complaint in this matter.

/s/ Derek Merman
Derek Merman *Pro Hac Vice pending*