IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DL, <br>    Plaintiff, <br><br> v. <br><br> JS, <br>    Defendant | § <br> § <br> § <br> § <br> § <br> § <br> § | CIV. NO. 1:23-cv-1122 |

**DEFENDANT'S RESPONSE TO MOTION TO PROCEED UNDER PSEUDONYMS**

Defendant Jeffery Schwartz submits his response in opposition to Plaintiff DL's motion for leave to proceed under pseudonyms.

**INTRODUCTION**

Plaintiff DL admits he removed his condom without consent during sexual intercourse with Defendant's daughter, which is a form of sexual assault known as "stealthing." His Complaint resonates with an air of dismissiveness about the harm Emma Schwartz suffered when he decided to ignore the scope of the consent she gave. Plaintiff trivializes his own conduct, minimizes Emma's (and her family's) experience, and firmly plants the victim flag in his own camp—all while ignoring that the act of warning an at-risk group about assaultive behavior has very real societal purpose. Plaintiff now asks this Court to do what no other court in this Circuit has done and provide the protection of anonymity to him—the perpetrator of that admitted assault. No public interest is served by shielding him, and nothing about this case overcomes the strong presumption *against* allowing a party to proceed anonymously. No witness or party to this case is a minor.

To the contrary, this case is a matter of public concern, and it is in the public's interest to know the parties' identities. Emma Schwartz, the victim in this case, is an advocate for victims of stealthing. She has been actively working with lawmakers to promote legislation criminalizing this form of sexual assault. In fact, Emma and her mother founded The Adjacent Project, a group focused on raising awareness and fighting for legislation criminalizing non-consensual condom removal. Emma Schwartz not only testified before the Utah Legislature, she and her parents have been interviewed by news sources like the Salt Lake Tribune and on podcasts. In any event, the third-party discovery required in this case makes anonymity a practical impossibility.

DL's identity is likewise already public. For over a year, both the Schwartz lawsuit and a separate suit by his parents' insurer related to the assault at issue here proceeded against DL in the public record, with no confidentiality at all. And even though Emma avoids using DL's name when she tells her story, DL admits the public has already been able to identify him because of her description of him as her high school boyfriend.

The relief DL claims to need, preventing public disclosure of his identity, is impossible. The cat is already out of the bag.

## BACKGROUND

DL sexually assaulted Emma on December 18, 2022, when he removed his condom without Emma's knowledge while they were having intercourse. In his text messages the next day and over the next few months, DL acknowledged that he removed his condom without Emma's consent. Ex. A at p. 5 (DL apologizing that he "made [her] feel unsafe," describing "the reason" he "took off the condom without [Emma] knowing" and that he was "intoxicated and that is my fault").

As a result of DL's actions, Emma Schwartz suffered emotional trauma and injury. She stopped attending their public high school and finished her senior year online at home. DL, on the other hand, faced no repercussions and finished high school with their friends. He's now a student at the University of Texas and a member of a prominent fraternity.[1]

On May 5, 2022, Jeffrey Schwartz and his wife publicly filed suit in Utah state court against DL (a legal adult) and his parents, on behalf of Emma. The complaint was filed in the public record, and DL filed his responsive pleadings using his own and his parents' full names, for 15 months. Ex. J, *DL Pleading.* When that matter was settled, Plaintiff could have negotiated to make a confidentiality provision mandatory, but he did not. In fact, he required that the settlement agreement *omit* a confidentiality provision, presumably so that he could engage in the very conduct reflected in his Complaint, minimizing Emma's concerns. It was not until the parties reached this non-confidential settlement that DL moved to seal the Utah case. The Schwartzes did not oppose that motion as the matter appeared to be at an end. No court made a decision on the merits regarding the alleged privacy of the matter. A second lawsuit related to DL's sexual assault of Emma, filed by State Farm Fire and Casualty Company against DL and his parents, was also unsealed and available to the public for a year. Ex. C, Docket Sheet for *State Farm & Fire Cas. Co. v. DL*, No. 2:22-cv-00550, Utah District Court.

Emma made the decision to channel her pain into protecting others from the harm she suffered by becoming an advocate for victims of stealthing. She has testified before the Utah Legislature in an effort to pass a law that makes stealthing a crime, and she co-founded

---

[1] The fraternity has been the subject, both within and outside the University of Texas system, of allegations of race and sex abuse and discrmination. Its reputation is and has been the subject of public concern for years.

The Adjacent Project, an organization that advocates for such legislation. See Exs. D and E, *The Adjacent Project Instagram*. She has been featured in the Salt Lake Tribune and appeared on Steven Schmidt's podcast, The Warning. Ex. F, *Article*; Ex. G, *Podcast*; Schmidt's website also published a guest essay Emma authored for Sexual Assault Awareness Month. Ex. H, *Article*.

In all those contexts, it was publicized that Emma Schwartz's high school boyfriend sexually assaulted her via stealthing. According to DL, that was enough for the public to identify him as the perpetrator. He testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on February 1, 2023, people began reaching out to him about the story. *See* Ex. I, Motion to Seal at 8. In this suit, DL also claims the unredacted, unsealed Utah complaint has "reach[ed] the public at large," making the facts within them "matters of public knowledge." Dkt. # 1 at ¶ 35. This concession alone—that the suit's underlying facts are already public—defeats his motion to proceed under pseudonyms.

## ARGUMENT AND AUTHORITIES

It is the rare and exceptional case that can overcome the strong presumption against allowing a party to proceed anonymously. This is not one of those cases.

### I.   Motion Standard

The general rule is that "identity of the parties to a lawsuit should not be concealed." *S. Methodist Univ. Ass'n of Woman Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). The federal rules require litigants to identify themselves in their pleadings. FED. R. CIV. P. 10(a)(requiring a complaint to include the names of all the parties); 17 ("Every action shall be prosecuted in the name of the real party in interest."); *SMU*, 599

F.2d at 712 (affirming district court's order requiring disclosure of plaintiffs' identities in pleadings). "Lawsuits are public events." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992).

"Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). The use of fictitious names or pseudonyms in a federal lawsuit is generally prohibited because it violates the public's legitimate interest in knowing about the facts of a lawsuit, including the names of the parties. *Latinos for Trump v. Sessions*, No. 6:21-cv-00043-ADA-JCM, 2021 WL 4302535, at *3, n. 1 (W.D. Tex. Aug. 20, 2021) (recommending that plaintiffs be required to amend their complaint and disclose their full names); *see also Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 68 (1st Cir. 2022) ("Judicial hostility to a party's use of a pseudonym springs from our Nation's tradition of doing justice out in the open, neither 'in a corner nor in any covert manner.'").

Anonymity, then, is granted only in the most "exceptional cases." *Stegall*, 653 F.2d at 185. In the Fifth Circuit, a party may proceed anonymously in a civil suit in federal court only by showing that he has a privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings," such as cases involving the "special status and vulnerability of the child-litigants." *Id.* at 186. Courts consider three factors in evaluating whether a plaintiff has this right: (1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information of the utmost intimacy; and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* at 185. These factors are not "a rigid, three-step test for the propriety of

party anonymity;"courts may also consider the entirety of the circumstances. *Id.* at 186. The court has warned that "[t]he threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Id.*

**II.     Plaintiff cannot satisfy any of the factors permitting party anonymity.**

This is no exceptional case that would warrant proceeding anonymously. Plaintiff has not shown that any of the relevant factors for party anonymity are satisfied in this case.

**A. Plaintiff is suing for monetary damages against the family of his victim, not to challenge governmental activity.**

Plaintiff cannot satisfy the first factor, which weighs in favor of anonymity where plaintiffs fear retribution for their challenges to governmental activity. A "[f]amous example" satisfying this factor was a suit in which plaintiffs were undocumented immigrants who "were allowed to proceed anonymously in their successful constitutional challenge to the Texas law denying free public grammar school education to [undocumented] children." *See Plyler v. Doe*, 457 U.S. 202 (1982), *quoted in Ashley v. City of San Antonio*, No. SA-17-CV-76, 2017 WL 11715531, at *1 (W.D. Tex. July 24, 2017), *report & recommendation adopted at* 2017 WL 11715530.

Here, Plaintiff's claims are an attempt to gain monetary damages against the father of his ex-girlfriend, following their lawsuit and settlement for his own sexual misconduct. He does not bring this suit against the government, to effect public change, or to benefit anyone beyond himself. This factor weighs against the use of pseudonyms.

**B. This suit does not involve a matter of "utmost intimacy" because it is already public, and Plaintiff is not the victim.**

Plaintiff's request fails the second factor, too. He is the assailant, the information is already public, and the case is a matter of public concern.

### 1. The perpetrator of a sexual assault is not granted the protection of anonymity.

DL opted to bring this suit regarding his own sexual misconduct. Courts have never granted anonymity under those circumstances. Instead, Courts often ***deny*** the protection of anonymity in cases involving sexual assault—even when the victim is requesting it. *Rose v. Beaumont ISD.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007) (denying request to use pseudonym to victim of sexual assault that occurred while plaintiff was a minor because her personal embarrassment or humiliation, standing alone, is insufficient), *cited by Doe v. Harris*, No. 14-0802, 2014 WL 4207599, at *2 (W.D. La. Aug. 25, 2014), *aff'd at* 2015 WL 5664255 ("many courts faced with a request by a victim of sexual assault or harassment seeking to pursue a civil action for monetary damages under a pseudonym have concluded that the plaintiff was not entitled to proceed anonymously."); *Doe v. Fort Worth*, 4:19-cv-1001-A, 2020 WL 1159435, at *1 (N.D. Tex. Mar. 20, 2020) (denying request for anonymity to plaintiff alleging she was subject to sexual discrimination and harassment).

This Court has recognized a line of cases "involving the sexual assault ***of the plaintiff***," which "***sometimes*** warrants anonymity." *Doe v. El Paso Cnty. Hosp. Dist.*, No. EP-13-CV-00406, 2015 WL 1507840, at *4 (W.D. Tex. Apr. 1, 2015) (emphasis added); *Doe v. Trustees of Socorro ISD*, No. EP-18-CV-00162-FM, 2018 WL 11471569, at *2 (W.D. Tex. June 25, 2018) ("sister courts have deemed the use of a pseudonym appropriate in such cases [of sexual assault] in order to ***protect the alleged victim.***"). *Socorro*, the sole case DL cites to support his request, involved the use of pseudonyms to ***protect victims***, not to protect assailants. *Id.* (allowing challenge against governmental activity to proceed anonymously where victim had taken substantial steps to guard her identity, including

moving). DL is the assailant here, not the victim. DL cites no cases extending the protections of anonymity to the *perpetrator* of an assault.

### 2. Protecting the perpetrator's identity does not serve the public interest.

The public interest served by protecting sexual-assault victims does not carry over to protecting their assailants. *See id.* (noting that "public had an interest in protecting the identities of sexual assault victims"); *M.H. v. G6 Hosp. LLC*, No. 4:22-CV-198-SDJ, 2022 WL 2532489, at *2 (E.D. Tex. July 7, 2022) (finding that permitting sexual-assault victims to proceed anonymously serves the public interest because other victims will not be deterred from reporting the crimes). No public interest favors anonymity here. Instead, the public interest weighs in favor of allowing the entirety of this suit to proceed publicly. Even the media has publicly covered the incident—including the public interest for strengthening the laws related to stealthing. Ex. F. The facts are not private and involve no "utmost intimacy" to shield from the public, precluding anonymity in this suit.

### 3. DL admits his identity as the perpetrator is public information.

DL's own pleadings confirm that the facts, and his identity, are already in the public eye, precluding the very relief he requests. The whole basis for his lawsuit is that Schwartz has published his name and sexual conduct to third parties ▬▬▬▬ and to ▬▬▬▬. Dkt. # 1 at 3 and 35. That admission alone—that DL's identity is already public—precludes proceeding with pseudonyms. *See Rose*, 250 F.R.D. at 268.

Moreover, during the past two years, two separate lawsuits about DL's assault have been pending openly with DL's full name,—not to mention the news media's public coverage of the story. *Id.*; Ex. A, *Lawsuit*.

### 4. The Utah court did not require anonymity.

Contrary to DL's claim, using the parties' real names would not violate the Utah court order classifying that civil case as private. All that order did, by agreement under the parties' settlement, was seal the case file so that the public would not have access to the pleadings or filings. *See* Ex. K, *Utah Order*. There is nothing in that order that impacts this lawsuit or otherwise prohibits the parties from sharing the facts underlying that suit with the public. It is important to note two other matters: First, the settlement agreement has ***no confidentiality provision***. The Schwartz family is free to share it with anyone. Second, Mr. Schwartz never violated the Utah order nor shared the pleadings after they were sealed.

### 5. Anonymity would violate due process and would prohibit meaningful discovery.

The facts of this case will need to proceed in the open and will require significant third-party discovery concerning the alleged defamation as well as DL's actual reputation and the purported harm to that reputation. The suit is just commencing, and in the years or months ahead, that discovery would be virtually impossible if the parties were required to use pseudonyms. Shielding this already public matter from third parties is not only unnecessary—it's inefficient and will end up prejudicing the defense of this case.

## C. DL will not be forced to admit his intent to engage in future criminal conduct by participating in this case.

DL does not even try to satisfy the final factor that would weigh in favor of anonymity. Nothing about this suit will compel him to admit an intent to engage in illegal conduct, and he makes no argument to the contrary.

### D. All other circumstances of this suit confirm it is not an exceptional case justifying anonymity.

In sum, nothing in DL's Motion justifies using pseudonyms in this case. The three factors are not exclusive, and courts may consider the entirety of the circumstances. *See Stegall*, 653 F.2d at 186. DL has altogether failed to prove any privacy interest in this suit that could possibly outweigh the heavy presumption in favor of constitutionally open courts.

DL brings this suit as an adult, which further weighs against the use of pseudonyms and distinguishes this case from most relevant precedent. *See id*. The fact that he and Emma were minors at the time of the sexual assault cannot change the analysis. *See Rose*, 250 F.R.D. at 268 (finding that "concern that courts display for children of a tender age" does not apply to adult plaintiff).

DL's conclusory and unsupported assertions that he will suffer from "undue harassment, discrimination, and violence" if this lawsuit proceeds under his real name are insufficient. *See Latinos for Trump*, 2021 WL 4302535, at *3, n. 1 (plaintiffs' conclusory allegation that they were concerned for their personal safety with "no further evidence of a credible threat" did not justify use of pseudonyms); *Doe v. Tex. Dept. of Criminal Justice*, No. 7:22-cv-00038-O, 2022 WL 18275876, at *2 (N.D. Tex. Dec. 28, 2022) (holding that personal embarrassment is insufficient to justify use of pseudonym). Absent any "particularized threats of violence" in response to the suit, anonymity should not be granted. *Doe v. Mckesson*, 71 F.4th 278, 300 (5th Cir. 2023), *incorporating prior holding at* 945 F.3d 818 (5th Cir. 2019). Even a claimed threat of kidnapping has been deemed insufficient where unsupported by evidence. *In re Blackwell*, 263 B.R. 505, 509 (W.D. Tex. 2000) (reversing anonymity order for lack of "documentary evidence that the litigants were

specifically targeted for community harassment and violence"). If requiring anonymity under a threat of kidnapping is reversible error, it is certainly error to do so based on bare claims like DL's—DL's complaints amount to nothing more than a "threat of hostile public reaction to a lawsuit," which as a matter of law is not enough. *Stegall*, 653 F.2d at 186.

## CONCLUSION

Jeffery Schwartz asks that the Court deny DL's Motion for Leave to Proceed under Pseudonyms and grant all other relief in law and equity to which he is entitled.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **BURGESS LAW PC**<br>Karen C. Burgess<br>State Bar No. 00796276<br>kburgess@burgesslawpc.com<br>Stacy Rogers Sharp<br>State Bar. No. 24052109<br>ssharp@burgesslawpc.com<br>Katie Dolan-Galaviz<br>State Bar No. 24069620<br>kgalaviz@burgesslawpc.com<br>404 West 13th Street<br>Austin, Texas 78701-1825<br>Telephone: (512) 482-8808<br>Facsimile: (512) 900-6325 |
| Dated: November 2, 2023 | By:  */s/ Karen C. Burgess*<br>        Karen C. Burgess |
|  | Sherrard (Butch) Hayes<br>State Bar No. 00784232<br>Email: shayes@wshllp.com<br>**WEISBART SPRINGER HAYES LLP**<br>212 Lavaca Street, Suite 200<br>Austin, Texas 78701-3955<br>Telephone: (512) 652-5780<br>Facsimile: (512) 682-2074 |
|  | **ATTORNEYS FOR DEFENDANT JS** |

### CERTIFICATE OF SERVICE

I hereby certify that, on 2nd day of November, 2023, the foregoing was electronically filed with the Court by using the Western District of Texas' CM/ECF filing system, which provided notice of the filing to all CM/ECF participants.

*/s/ Karen C. Burgess*
Karen C. Burgess