IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1122-RP |
| | § | |
| JS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is an opposed motion to proceed under a pseudonym filed by Plaintiff DL ("Plaintiff"). (Dkt. 2). Defendant JS ("Defendant") filed a response in opposition. (Dkt. 15). Having considered the motion, the record, and the relevant law, the Court finds that the motion should be denied.

## I. BACKGROUND

Plaintiff dated ES from September 2021 to January 2022 when they were both in high school. (Compl., Dkt. 1, at 2). On December 18, 2021, Plaintiff and ES were having intercourse when Plaintiff removed his condom without ES's knowledge. (*Id.* at 3). ES, Defendant, and ES's mother filed a civil lawsuit in Utah state court against Plaintiff and his parents in May 2022. ("Utah civil suit") (*Id.* at 4). The case proceeded publicly for over a year, when the parties agreed to classify the case as private, which sealed the pleadings and filings docketed in the case and renamed the parties with pseudonyms. (Def.'s Resp., Dkt. 15, at 3). The Utah civil suit has since settled. (Mot. Leave, Dkt. 2, at 3).

In the instant case, Plaintiff brings claims of libel, public disclosure of private facts, and intentional infliction of emotional distress. (Compl., Dkt. 1, at 7–8). Plaintiff alleges that Defendant contacted a member of the board of his fraternity, Phi Gamma Delta Fraternity at the University of

Austin at Texas, via email and stated that Plaintiff sexually assaulted his daughter in high school. (*Id.* at 6–7). Plaintiff also alleges that Defendant has sent similar statements to various sororities affiliated with the University of Austin at Texas via the postal service. (*Id.*). According to Plaintiff, these mailings contained the unredacted complaint from the Utah civil suit. (*Id.*). Plaintiff filed this motion to proceed under pseudonyms concurrently with his complaint. (Dkts. 1, 2).

Plaintiff requests leave to proceed anonymously using the pseudonyms "DL" to refer to himself, "JS" to refer to Defendant, and "ES" to refer to Defendant's daughter, who is not a party to this action, in order to protect his reputation, the reputation of ES, and to avoid further dissemination of details concerning Plaintiff's alleged sexual misconduct against ES. (Mot. Leave, Dkt. 2). Defendant responds that no public interest is served by allowing the use of pseudonyms and nothing about this case overcomes the presumption against allowing a party to proceed anonymously. (Def.'s Resp., Dkt. 15, at 1).

## II. LEGAL STANDARD

A plaintiff in a civil action may proceed under pseudonym under exceptional circumstances. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). As a general rule, plaintiffs must disclose their names in the complaint commencing a civil action. *Id.* (citing Fed. R. Civ. P. 10(a)). This rule reflects the "clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property.'" *Stegall*, 653 F.2d at 185 (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). However, in certain circumstances, "the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Id.* (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) ("*SMU*")) (cleaned up).

There is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Id.* at 186. "The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial

proceedings." *Id.* Significant factors may include the minor status or vulnerability of a party, threats of violence or harassment, or a "quintessentially private" matter such as religious belief. *Id.* The Fifth Circuit has identified three factors that may be considered in determining whether a party may proceed under a pseudonym: (1) whether the plaintiff is challenging governmental activity; (2) whether the case requires the disclosure of information that is "of the utmost intimacy"; and (3) whether the case may result in the admission of the plaintiff's "intention to engage in illegal conduct." *Id.* at 185. "The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Id.* at 186.

### III. DISCUSSION

In this case, Plaintiff is not challenging governmental authority, nor will this case result in the admission of Plaintiff's intention to engage in illegal conduct. Thus, Plaintiff focuses his argument for the use of pseudonyms on the fact that the instant case involves allegations of sexual assault and therefore disclosure of information that is of the utmost intimacy. He relies on *Doe v. Trustees of Socorro Indep. Sch. Dist.,* No. EP-18-CV-00162-FM, 2018 WL 11471569 (W.D. Tex. June 25, 2018), where the court allowed the plaintiff to proceed using a pseudonym because her suit involved "matters of the utmost intimacy: details of sexual misconduct." (Mot. Leave, Dkt. 2, at 5). The court stated that the plaintiff would "risk substantial consequences if she proceeds without a pseudonym" and that there was public interest "in protecting the identities of victims of sexual assault." *Id.* at *3. Although Plaintiff attempts to draw a comparison between *Trustees of Socorro* and the facts of this case, the Court does not consider them to be analogous. In *Trustees of Socorro*, the plaintiff not only was the victim of alleged sexual assault, she also was suing a public school district for deliberate indifference concerning sexual assault perpetrated by its employee and feared retaliation and harm to her well-being. *Id.* Here, Plaintiff is not a victim of sexual assault and does not contest that he

removed his condom without ES's knowledge during sexual intercourse.[1] (Dkt. 2, at 2). Plaintiff is not suing a public entity that could retaliate against him but another private individual for monetary damages. Further, the Court notes that Plaintiff does not identify any case law where a plaintiff bringing claims of libel or defamation was allowed to proceed using pseudonyms against the purported victim of the sexual assault. *See Roe v. Does 1-11*, No. 20-CV-3788-MKB, 2020 WL 6152174, at *6 (E.D.N.Y. Oct 14, 2020) ("The Court finds it highly persuasive that Plaintiff fails to and is unable to cite a single case in which a plaintiff, suing for defamation and alleging he was falsely accused of sexual assault, was allowed to proceed anonymously against the victim of the purported assault.").

Plaintiff also raises the fact that he was a minor at the time of the alleged sexual misconduct, (Mot. Leave, Dkt. 2, at 3). The Fifth Circuit has noted that "[t]he gravity of the danger posed by the threats of retaliation" must be "assessed in the light of the special vulnerability of [] child-plaintiffs." *Stegall*, 653 F.2d at 186. Plaintiff only cites case law where anonymity was allowed to plaintiffs who were still minors at the time of the suit and who were challenging governmental authority. (Dkt. 2, at 4-5) (citing *Stegall*, 653 F.2d at 186; *Trustees of Socorro*, 2018 WL 11471569). These cases are inapplicable to Plaintiff, who has since turned 18, and who was an adult when the alleged libel occurred.

While the facts of the case may pertain to Plaintiff's acts during sexual intimacy, Plaintiff has not shown the Court that he is likely to receive threats of violence or harassment. Indeed, Plaintiff's motion to proceed using pseudonyms only makes a conclusory statement that he "fears he and his family would be subjected to discrimination, harassment, and violence." (Mot. Leave, Dkt. 2, at 3). Plaintiff must state more than a conclusory statement for the Court to give substantial weight to his

---

[1] The Court is not commenting on the veracity of Defendant's allegations of sexual assault but rather whether Plaintiff has demonstrated that he is in a particularly vulnerable situation that warrants allowing him to proceed anonymously like the court allowed the plaintiff to do in *Trustees of Socorro*.

alleged fear of harassment. *See Latinos for Trump v. Sessions,* 2021 WL 4302535, at *3 n.1 (W.D. Tex. Aug. 20, 2021), *report and recommendation adopted,* 2021 WL 4302536 (W.D. Tex. Sept. 21, 2021) (Plaintiffs needed "further evidence of a credible threat beyond [a] conclusory allegation" to proceed anonymously). Because Plaintiff has failed to provide the Court with any specific claims of potential retaliation or harassment, the Court does not find at this time that Plaintiff faces anything more than a general "threat of hostile public reaction to [the] lawsuit." *Stegall,* 653 F.2d at 186.

Aside from stating that he wishes to protect his own reputation, Plaintiff also asserts that he wants to protect ES's reputation. (Mot. Leave, Dkt. 2, at 5). However, in his complaint, Plaintiff acknowledges that ES has "endeavored to make herself a professional 'advocate' for victims of stealthing," i.e., removing a condom during sexual intercourse without a partner's knowledge. (Compl., Dkt. 1, at 5). In his response to the instant motion, Defendant highlights that ES has testified about her experience to the Utah Legislature, co-founded an organization that lobbies for anti-stealthing legislation, and was featured in the *Salt Lake Tribune* and appeared on a podcast as an advocate for anti-stealthing legislation. (Def.'s Resp., Dkt. 15, at 3–4). In these contexts, ES told the story of her high school boyfriend removing his condom during sex, although she did not disclose DL's real name. *Id.* However, the Utah civil suit, which named Plaintiff and ES in full, proceeded publicly for over a year. To the extent that Plaintiff argues that he wants to protect ES's reputation in addition to his own by proceeding anonymously, the Court is unpersuaded.

Finally, Plaintiff claims that the Court should allow him to proceed anonymously because the Utah civil suit was classified as private. (Mot. Leave, Dkt. 2, at 1). Plaintiff asserts that proceeding under pseudonyms is necessary to "avoid a violation of a Utah Court Order classifying a case filed there by Defendant JS as private." (*Id.*). The Court disagrees. Proceeding under his real name in this instant case will not violate the Utah state court's order classifying previous state litigation as private. The state court order prevents public access to the pleadings or filings contained therein. It does not

affect the ability of Plaintiff and Defendant to proceed using their real names in this case. The parties can, and should, file any documents from the Utah civil suit under seal in the instant case as they already have been doing.

In conclusion, the Court finds that Plaintiff has not demonstrated any grounds for anonymity other than the risk of embarrassment or reputational damage. If Plaintiff wishes to pursue monetary damages against Defendant, he must be willing to do so publicly. *See Doe v. Doe*, 649 F. Supp. 3d 136, 141 (E.D.N.C.), *aff'd*, 85 F.4th 206 (4th Cir. 2023) ("It would be fundamentally unfair for plaintiff to be able to 'clear his name' and wield a potential judgement against [defendant] to his advantage but hide under a shield of anonymity if unsuccessful."). Because Rule 10(a) requires Plaintiff to proceed using his real name, Plaintiff must file an amended complaint using his real name in order to proceed in this action. Plaintiff's amended complaint should also contain the real names of Defendant and ES.

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's motion to proceed under a pseudonym, (Dkt. 2), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff file an advisory with the Court providing his name in compliance with Federal Rule of Civil Procedure 10(a) on or before **December 8, 2023**.

**IT IS FINALLY ORDERED** that Plaintiff file an Amended Complaint in compliance with this Order on or before **December 8, 2023**.

**SIGNED** on November 21, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE