IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **David Luke,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 1:23-cv-1122-RP** |
| | § | |
| **Jeffrey Schwartz,** | § | **DEMAND FOR JURY TRIAL** |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, David Luke, and files this First Amended Complaint, and for cause of action would respectfully show as follows:

### I.   PARTIES

1. Plaintiff David Luke (hereinafter "Plaintiff" or "David Rowan Luke") is a resident of Austin, Travis County, Texas.

2. Defendant Jeffrey Schwartz (hereinafter "Defendant") is a resident of Park City, Summit County, Utah.  Defendant has appeared but has not yet answered.

### II.   JURISDICTION

3. The Court has personal jurisdiction over Defendant because the tortious conduct complained of herein was committed in Texas.  Specifically, with respect to this suit, the Defendant intentionally published to numerous people in Texas the defamatory statements complained of herein, which also pertain specifically to Plaintiff, who is a Texas resident.  As such, Defendant has purposefully availed himself to Texas law and jurisdiction, such that he cannot be surprised that he is hailed before a Court in Texas, where he maintained his defamatory campaign against Plaintiff.  This Court also has personal jurisdiction over Defendant pursuant to the Texas Long-Arm Statute. TEX. CIV. PRAC. & REM. CODE §§ 17.041-.042.  By virtue of his dealings and other

significant contacts in Texas, Defendant should reasonably anticipate that he is subject to the jurisdiction of Texas and her courts. Defendant has certainly purposefully availed himself of the laws of Texas when he published dozens of defamatory statements and private facts to Texas residents with the intent of destroying Plaintiff's reputation in Texas. Defendant has also consented to jurisdiction by virtue of filing affirmative pleadings in this case that subject him to this Court's jurisdiction.

4.  This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendant are citizens of different states and Plaintiff seeks relief of over $1,000,000.

### III.  VENUE

5.  Venue is proper in the Western District of Texas pursuant to Tex. Civ. Prac. & Rem. Code § 15.017 because Plaintiff resided in Travis County at the time of the accrual of the cause of action. Venue is also proper because Plaintiff properly joined two or more causes of action arising from the same transaction, occurrence or series of transactions or occurrences, and one of the causes of action is governed by the mandatory venue provisions. Tex. Civ. Prac. & Rem. Code § 15.004.

### IV.  FACTS

6.  Plaintiff David Luke dated Defendant's daughter, Emma Schwartz, from September 2021 through January 2022 when they were both 17 years old and classmates in Park City High School in Park City, Utah. During the course of their relationship, Plaintiff and Emma Schwartz had consensual sex on multiple occasions, at times employing protection and at other times having unprotected sex. The couple's tacit agreement and course of conduct established that unprotected sex was an acceptable option. In fact, Emma Schwartz had initiated unprotected sex in her car in a parking lot and had performed unprotected oral sex on Plaintiff David Luke with no issue or complaint on more than one occasion.

7. On the night of December 18, 2021, Plaintiff's family was hosting a Christmas party and Emma Schwartz drove over to their house to attend. Plaintiff was intoxicated and Emma Schwartz was not intoxicated. Emma Schwartz chose to have sex with Plaintiff in Plaintiff's bedroom. During intercourse, Plaintiff was having difficulty maintaining an erection because of his intoxication, so he removed his condom in order to be able to continue to perform. Emma Schwartz had consented to unprotected sex by implication on the date in question by establishing that unprotected sex was acceptable. Plaintiff did not believe taking his condom off would be upsetting to Emma Schwartz as long as he did not ejaculate because they were in an exclusive relationship, she was on the birth control pill, neither had any STD's, they had engaged in unprotected oral sex on several occasions, and stopping before ejaculation is what they had done when she had instigated unprotected vaginal sex in her car days earlier. Plaintiff reasonably believed that Emma Schwartz had consented to unprotected sex on this particular occasion due to her previous course of conduct, which indicated that unprotected sex was an acceptable option.

8. Emma Schwartz now claims that she first realized Plaintiff was not wearing a condom when she felt it on the bed next to her arm. Emma Schwartz expressed to Plaintiff that she was upset by him removing the condom without discussing it with her first, and he apologized. The couple quickly reconciled and continued to date. Plaintiff broke off the relationship a few weeks later. At that time, Emma Schwartz begged Plaintiff not to break up with her, and expressed how deep her feelings were to him, despite their various misunderstandings, and tried to convince him not to break up with her. The two teenagers remained friends after the breakup, and they went to the same parties, including at least one party she hosted at her parents' house. She tried to get Plaintiff to get back together with her, and she certainly did not act like he had sexually assaulted her.

9. After Plaintiff started dating another young woman who Emma Schwartz knew, Emma Schwartz began "bad mouthing" Plaintiff around their high school and telling people that he had sexually assaulted her.

10. Emma Schwartz, her mother, and Defendant filed a civil lawsuit against Plaintiff and his parents in May 2022. Emma Schwartz and her mother then went to the Summit County District Attorney's office and complained that she had been sexually assaulted. The Summit County DA directed Emma Schwartz and her mother to return the next day when they could take a full statement in the presence of staff trained in that type of complaint. The next day, Emma Schwartz and her mother returned and gave a full video statement. At that time, she admitted that she was not intoxicated, that Plaintiff was intoxicated, that she had chosen to have sex with him on the night in question, and that they had previously had unprotected sex. She claimed that because he had taken the condom off on that occasion without her verbal consent, she was a victim of sexual assault.

11. The Summit County District Attorney declined to prosecute Plaintiff because, even if the acts occurred as Defendant's daughter alleges, those acts do not amount to sexual assault under Utah Law, and in fact are not a crime anywhere in the United States. Based upon Emma Schwartz's statements, the District Attorney considered prosecuting Emma Schwartz for sexual assault because Plaintiff was too intoxicated to consent to sex, but Emma Schwartz chose to have sex with him anyway, but ultimately Summit County decided not to charge Emma Schwartz. The District Attorney's office issued a declination letter, a copy of which was provided to Defendant and Emma Schwartz. As a result, Defendant and Emma Schwartz undoubtedly know that Plaintiff did not sexually assault Emma Schwartz and that Plaintiff has not committed any crime. The civil case has been compromised and dismissed, and the Defendant is clearly unhappy with the outcome

in that case, as evidenced by the malicious defamatory campaign he undertook, and which is the subject of this Complaint.

12. Since the incident, Defendant has been obsessed with Plaintiff's family and specifically obsessed with doing anything he can to hurt Plaintiff. He has told several people that he intends to ruin Plaintiff's life. His plan includes a campaign to defame Plaintiff and attempt to ruin his reputation in Austin, where he attends The University of Texas. His campaign is not limited to defamatory statements, as he has engaged in other outrageous actions in his campaign to inflict emotional distress on Plaintiff. He and his family have also begun a campaign in Utah to change the law so that condom removal without specific verbal consent would be a crime. Defendant and his family have repeatedly told half-truths and failed to disclose important facts about Emma Schwartz and Plaintiff's communications in order to make Emma Schwartz seem like a victim of "stealthing" which they claim is a form of sexual assault. She is not.

13. The fact that Defendant has engaged in an attempt to change legislation in Utah to redefine what happened as a sexual assault is dispositive with respect to the fact that he knows or should know that what happened was not a sexual assault. The Utah legislature refused to reclassify condom removal as a sexual assault, but upon information and belief, Defendant and his daughter continue to try to get the legislature in Utah to change the law to that effect. Emma Schwartz has endeavored to make herself a professional "advocate" for victims of stealthing, so she and her family are motivated to cast her as a victim.

14. Even though Defendant knows or should know that Plaintiff has not committed a sexual assault or any other crime, Defendant published statements accusing him of sexual assault and suggesting that he had committed a crime. Specifically, Defendant published statements to Bobby Orr, stating in pertinent part that "David Rowan Luke, aka Rowan Luke, sexually assaulted my

daughter during their senior year in high school." This defamatory statement is attached as Exhibit A to this Complaint. Bobby Orr is on the board of the Phi Gamma Delta Fraternity at the University of Texas at Austin, where Plaintiff is a member. Defendant's statements to Mr. Orr are false, defamatory, and maliciously intended to harm David Luke's reputation.

15.     Upon information and belief, Defendant has also engaged in a letter-writing campaign, sending similarly defamatory statements to members of sororities across Texas in an effort to destroy Plaintiff's reputation and turn private allegations into matters of public knowledge. The president of one sorority in Austin told Plaintiff's brother that she had received a "creepy letter" discussing Plaintiff having sex with Emma Schwartz, and was concerned and confused about why someone would be sending her information about two minors having consensual sex in Utah in 2021. She did not understand what any of it had to do with her or her sorority and was disturbed that a stranger had somehow found her address and was sending her unsolicited salacious materials.

16.     Upon information and belief, Defendant, who is a man in his mid-50's, has also now used the internet and social media to discover the names and addresses of sorority girls who Plaintiff may know or may come into contact with. He has sent these girls copies of the unverified civil complaint from the now-dismissed civil suit, which has been deemed private by the Utah state court. Defendant sent these copies of the civil complaint, which contains his baseless and false accusations against Plaintiff, to a broad class of sorority girls after the complaint had been classified as private by the Utah court. He has sent these materials with no return address and no cover letter explaining who the letter was from or why they are receiving it. The fact that Defendant is sending anonymous letters about his own daughter's sex life with her boyfriend to girls in their late teens and early twenties is extreme and outrageous, and the fact that the envelopes

do not identify the sender and have no return address clearly indicates that he knows what he is doing is wrong.  These envelopes contain markings that they were sent from Utah, and not from Texas.

17. In this way, Defendant has also publicized matters concerning Plaintiff's private life that are not a matter of legitimate public concern. The publication of these matters is highly offensive to Plaintiff and would be highly offensive to a reasonable person of ordinary sensibilities. Specifically, Defendant has sent copies of an unverified complaint that he filed against Plaintiff and Plaintiff's parents in Utah to dozens of recipients without any context whatsoever. The complaint was sent after the Utah court had classified the case as private. Further, Defendant sent the complaint to such a large number of recipients that it was clear his goal was to reach the public at large, and he succeeded in his effort to do so. The allegations made in the Utah lawsuit are highly intimate and embarrassing with regard to Plaintiff's private affairs and are patently untrue in their content and in their gist. Not surprisingly, the civil complaint includes "cherry-picked" text messages, omits many facts that would provide context for the event complained of, and otherwise creates a false impression that Plaintiff's conduct was reprehensible, when it was not.  For example, while both Emma Schwartz and Plaintiff were 17 years old at the time of the incident, and are only two months apart in age, Defendant waited until Plaintiff turned 18, but while Emma Schwartz was still a minor, to file the complaint, and in the complaint he alleged that Plaintiff, an adult, had sex with Emma Schwartz, a minor, giving the false impression that Plaintiff was an adult and Emma Schwartz was a minor at the time of the incident.

18. Following an unopposed motion by Plaintiff's civil defense lawyers in Utah, the state court in Utah determined that the lawsuit filed there by Defendant should be classified as private and ordered that Plaintiff David Luke and his parents be renamed with pseudonyms. Specifically, the

Utah Court also ordered that the matter be "CLASSIFIED AS PRIVATE as provided in UT R J ADMIN RULE 4-202.04(5)(A) so that the public may not have access to the pleadings or filings contained therein as provided in UT R J ADMIN Rule 4-202.03(3)." (Emphasis in original). A redacted copy of the Utah Court's order is attached as Exhibit B. As a result of the Utah Court's order, the complaint filed by Defendant in Utah and the Utah case itself are private per se. There was also a declaratory judgment action filed in the United Sates District Court in Utah, **Case No. 2:22-cv-00550-JNP-JCB** based on the same facts. That case was a dismissed and U.S. Magistrate Judge Jared Bennet ruled that the case should be sealed and that the Luke's names should be replaced by pseudonyms.   Specifically, Magistrate Bennet, who by the conclusion of the proceeding was familiar with the facts and parties, noted that the relevant privacy interests include: (1) the "private and personal" nature of "consensual sexual intercourse"; (2) the "skewed selection of alleged facts about the relationship between" Rowan and XZ contained in the complaint in the State Case; (3) Rowan "having his name falsely associated with sexual assault in perpetuity," which will place an "unjust burden" on him as "a young man just starting college with his entire adult life in front of him, particularly where officers concluded no crime was committed after investigating[,] . . . and the cases settled with no admission of liability"; (4) the "genuine concern" that the plaintiffs in the State Case "intend to utilize this lawsuit as a platform from which to launch a victim advocacy career" based upon actions the plaintiffs in the State Case have already taken; and (5) XZ's "intent on publicizing her slanted view of events" as evidenced by actions she has already taken.   Further finding that "this is not a matter of public concern" and that "[t]here is no benefit to the public from delving into the intimate and private details of a sexual relationship between minors." (Citations Omitted). The Federal Magistrate, in sealing the case, wrote that

"[David Luke and his parents] have carried their heavy burden because they have articulated real and substantial interests that outweigh the presumption of public access to the case."

19.     Defendant Jeffrey Schwartz has sent unredacted copies of the complaint from the private case, after it was deemed private, to the public at large with no context in order to publicize the private matters of the case to Plaintiff's community. Defendant has sent the materials with malice and intent to destroy Plaintiff's reputation to an extremely broad class of recipients in an attempt to turn the allegations of the private case into matters of public knowledge. Further, Defendant Jeffrey Schwartz's campaign to inflict emotional distress on Plaintiff David Luke includes additional extreme and outrageous behavior, beyond the publishing of defamatory statements and public disclosure of private facts. Upon information and belief, Defendant Jeffrey Schwartz's campaign to inflict emotional distress also includes cyberstalking of Plaintiff and members of Plaintiff's community and further extreme and outrageous conduct aimed at Defendant's stated goal of ruining Plaintiff's life.

## V.     CAUSES OF ACTION

**A.     Libel**

20.     The preceding paragraphs are incorporated by reference.

21.     Plaintiff is a private individual and is neither a public official nor a public figure for any purpose.

22.     Defendant is a non-media defendant.

23.     The defamatory statement made and published by Defendant was a statement of fact that was false, both in the particular details and in the main point, essence or gist in the context in which it was made.

24.     The defamatory statement made and published by Defendant directly refers to Plaintiff.

25. The defamatory statement made and published by Defendant was libelous per se because it falsely accused Plaintiff of a crime and of sexual misconduct.

26. The defamatory statement made and published by Defendant was libelous per se because it impeached Plaintiff's honesty, integrity, virtue and/or reputation.

27. The defamatory statement made and published by Defendant was libelous per se because it injured Plaintiff's reputation and exposed Plaintiff to public hatred, contempt, or ridicule, and/or financial injury.

28. In the alternative, the foregoing statements made and published by Defendant were libelous through innuendo and/or implication.

29. Defendant is strictly liable for the damages caused by the libel.

30. Alternatively, Defendant knew the foregoing defamatory statements were false or he was reckless with regard to whether the statements of fact were false.

31. Alternatively, Defendant knew or should have known that the defamatory statements were false.

32. Defendant's libel has proximately caused Plaintiff to experience severe mental anguish and harm to his reputation, in addition to loss of earning capacity.

33. Plaintiff is entitled to recover nominal damages, general damages, special damages and/or exemplary damages.

**B.  Public Disclosure of Private Facts**

34. The preceding paragraphs are hereby incorporated by reference.

35. Defendant gave publicity to matters concerning Plaintiff's personal life by sending the complaint from the private Utah case to such a broad class of recipients as to reach the public at large and turn those private allegations into matters of public knowledge.

36. The publication of the Utah complaint is highly offensive, especially in light of the Utah Court's order to classify the case as private and rename Plaintiff and his parents with pseudonyms. The publication of the complaint would be highly offensive to a reasonable person of ordinary sensibilities and has caused Plaintiff extreme mental anguish as a result.

37. The matters publicized in the complaint from the private Utah case are not of legitimate public concern. The Utah Court determined that the matters were private and classified the case as private "so that the public may not have access to the pleadings or filings contained therein as provided in UT R J ADMIN Rule 4-202.03(3)." (emphasis removed). Defendant's publication of these private matters directly contravenes the letter and intent of the Utah Court's order.

38. Plaintiff has suffered significant injury as a result of the Defendant's disclosure, including severe mental anguish and reputational damage.

**C.    Intentional Infliction of Emotional Distress**

39. The preceding paragraphs are hereby incorporated by reference.

40. Defendant intentionally inflicted emotional distress upon Plaintiff by (1) acting intentionally and/or recklessly, (2) in an extreme and outrageous manner, (3) that caused injury and harm to Plaintiff, (4) in the form of severe emotional distress.

41. Plaintiff seeks actual and punitive damages for the harm caused by the deceitful and defamatory conduct identified herein.

**VI.    SATISFACTION OF CONDITIONS PRECEDENT**

42. The preceding paragraphs are hereby incorporated by reference.

43. Pursuant to the Texas Civil Practices and Remedies Code, Plaintiff requested that Defendant correct, clarify, or retract the statement detailed above and any similar statements published by Defendant. The statement was defamatory by (1) accusing Plaintiff of the

commission of a crime and sexual misconduct; (2) injuring Plaintiff's reputation and exposing Plaintiff to public hatred, contempt, or ridicule, and/or financial injury; and (3) by impeaching Plaintiff's honesty, integrity, virtue, and/or reputation.

## VII.     DAMAGES

44.     Plaintiff is entitled to nominal damages, general damages, and/or actual damages for Defendant's libel, including compensation for injury to his reputation and mental anguish. Defendant's libel proximately caused Plaintiff severe mental anguish, reputational damage, and special damages including loss of earning capacity.

45.     Plaintiff is entitled to actual damages as a result of Defendant's public disclosure of private facts, including damages for mental anguish and loss of earning capacity. Further, Plaintiff is entitled to nominal damages.

46.     Plaintiff is entitled to exemplary damages pursuant to Chapter 41 of the Texas Civil Practices and Remedies Code because Defendant acted with malice.

47.     Plaintiff seeks equitable relief in the form of a temporary restraining order preventing Defendant from further dissemination of defamatory statements and disclosure of private facts.

48.     Plaintiff is also entitled to pre- and post-judgment interest and costs of court.

## VIII.     PRAYER

**WHEREFORE**, Plaintiff demands judgment on each of the causes of action alleged for the following relief:

1)  Judgment in favor of Plaintiff and against all Defendant for damages in such amounts as may be proven at trial;

2)  Compensation for both economic and non-economic losses, including but not limited to:

    a)  past and future mental anguish;

      b)    permanent psychological damage;

      c)    loss of earning capacity;

      d)    injury to his name; and

      e)    injury to his character and reputation, embarrassment and humiliation;

3)    Punitive and/or exemplary damages in such amounts as may be proven at trial;

4)    Court costs;

5)    Pre- and post-judgment interest; and

6)    Such other and further release to which Plaintiff may be entitled, whether in law or equity.

## IX.    DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

          Respectfully submitted,

          /s/ Dick DeGuerin
          Dick DeGuerin
          **DEGUERIN & DICKSON**
          Texas Bar No. 05638000
          Federal Bar No. 6204
          1018 Preston, 7th Floor
          Houston, Texas 77002
          713.223.5959 Voice
          713.223.9231 Facsimile
          dick@deguerin.com

          /s/ Derek Merman
          Derek Merman *Pro Hac Vice*
          Attorney in Charge
          Texas Bar No. 24040110
          Federal Bar No. 578113
          Kane Kenney *Pro Hac Vice*
          Texas Bar No. 24116609

**HEARD MERMAN LAW FIRM**
4900 Fournace Place, Suite 240
Bellaire, Texas 77401
713.665.1100 Voice
713.481.7082 Facsimile
HLFpi@HeardMerman.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2023, I served upon all counsel of record by fax, certified mail, return receipt requested, email, e-service, by messenger or electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to received services in this matter.

/s/ Derek Merman
Derek Merman *Pro Hac Vice*