IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID LUKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1122-RP |
| | § | |
| JEFFREY SCHWARTZ, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Jeffrey Schwartz's ("Schwartz") Motion to Dismiss for Failure to State a Claim. (Dkt. 31). Plaintiff David Luke ("Luke") filed a response in opposition,[1] (Dkt. 34), and Schwartz filed a reply, (Dkt. 35). Having considered the parties' submissions, the record, and the applicable law, the Court will grant Schwartz's motion in part.

**I. BACKGROUND**

Luke alleges the following facts in his amended complaint. Luke dated Schwartz's daughter, Emma Schwartz ("Emma"), from September 2021 through January 2022 while they were both 17-year-olds attending Park City High School in Park City Utah. (Am. Compl., Dkt. 27, at 2). Luke and Emma had consensual sex on multiple occasions during their relationship. Luke alleges that he and Emma had a tacit agreement that sex without a condom was an acceptable option as Emma had initiated unprotected sex once before and had performed unprotected oral sex on Luke on more than one occasion. (*Id.*). On December 18, 2021, Luke and Emma had sex. Luke was intoxicated and Emma was not. (*Id.*). Luke removed his condom during sex, which he did not believe would upset

---

[1] Luke attached two exhibits to his response to Schwartz's motion to dismiss. The Court does not consider these exhibits as part of its analysis of Schwartz's motion to dismiss because they are not properly attached to Luke's amended complaint nor are they incorporated into the complaint by reference or matters of which a court may take judicial notice. *See Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008).

Emma because they had engaged in unprotected sex before. (*Id.* at 3). During the encounter on December 18, Emma did not realize Luke had removed his condom until she noticed it lying on the bed next to her. Emma told Luke that she "was upset by him removing the condom without discussing it with her first, and he apologized." (*Id.*). A few weeks later, Luke and Emma broke up. Luke alleges that Emma tried to get back together with Luke and "certainly did not act like he had sexually assaulted her." (*Id.*).

In May of 2022, Emma, Schwartz, and Emma's mother, filed a civil lawsuit against Luke and his parents in Utah state court (the "Utah civil suit"). (*Id.* at 4). Emma and her mother then went to the Summit County District Attorney's office and "complained that [Emma] had been sexually assaulted." (*Id.*). Emma gave a full statement to the District Attorney's office in which she claimed that because Luke "had taken the condom off . . . without her verbal consent, she was a victim of sexual assault." (*Id.*). The District Attorney declined to prosecute Luke because "those acts do not amount to sexual assault under Utah Law." (*Id.*). The Utah civil suit proceeded publicly for about a year before being sealed and dismissed. (*Id.*).

Luke alleges that Schwartz has been "obsessed with [Luke]'s family and specifically obsessed with doing anything he can to hurt [Luke]." (*Id.*). Schwartz sent an email to Bobby Orr ("Orr") stating that "[Luke] sexually assaulted my daughter during their senior year in high school." (Orr Email, Dkt. 27-1). Orr is on the board of the Phi Gamma Delta Fraternity at the University of Texas where Luke attends college. Luke is a member of Phi Gamma Delta. (Am. Compl., Dkt. 27, at 6). Luke further alleges that Schwartz "has also engaged in a letter-writing campaign sending similarly defamatory statements to members of sororities across Texas in an effort to destroy Plaintiff's reputation and turn private allegations into matters of public knowledge." (*Id.* at 6). Schwartz has also, according to Luke, used social media to identify sorority girls who may come into contact with Luke at the University of Texas and has sent "these girls copies of the unverified civil complaint"

2

(the "Utah complaint") from the Utah civil suit which has been sealed by the Utah court. (*Id.*). Schwartz sent the Utah complaint with no return address and "no cover letter explaining who the letter was from or why they [were] receiving it." (*Id.*) Emma, her mother, and Schwartz have also been engaging in legislative advocacy to change the criminal sexual assault laws in Utah so that taking off a condom during sex without verbal consent—also known as "stealthing"—is considered criminal sexual assault in the state. (*Id.* at 5).

Based on these allegations, Luke asserts three causes of action against Schwartz: (1) defamation; (2) public disclosure of private facts; and (3) intentional infliction of emotional distress. (*Id.* at 9–11). Schwartz filed a motion to dismiss each of the claims against him under Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, Dkt. 31).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The

3

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

The Court will address the pleading sufficiency of each of Luke's claims—defamation, public disclosure of private facts, and intentional infliction of emotional distress—in turn.

#### A. Defamation

As a preliminary matter, it is the Court's understanding that Luke only pleads that Schwartz is liable for defamation regarding Schwartz's email to Orr. Luke's amended complaint is unclear as to which of Schwartz's actions gave rise to the defamation claim, although Luke's response to Schwartz's motion implies that Luke's defamation claim is only based on the email to Orr. (*See* Resp., Dkt. 34, at 8 ("Plaintiff has alleged that Defendant published statements of fact to third party Bobby Orr.")). If Luke is attempting to plead that Schwartz is liable for defamation because he allegedly sent letters and the Utah complaint to various sorority members across Texas, the Court

4

finds that Luke fails to plead that those actions amount to defamation as Luke does not plead sufficient facts about the content, recipients, or context of those letters. *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1153 (5th Cir. 2021) ("To plead defamation in federal court, a plaintiff generally must specify when and where the statement was published.").

Under Texas law, to prevail on a defamation claim, a plaintiff must establish that: "(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement; and (4) damages (unless the statement constitutes defamation per se)." *D Mag. Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)). Schwartz does not contend that Luke fails to plead that Schwartz had the requisite degree of fault or that he suffered damages. The Court will, therefore, focus its analysis on the first two elements.[2]

1. Whether Luke sufficiently pleads that Schwartz published a false statement

First, Schwartz claims that his email to Orr contained no false statement. (Mot. Dismiss, Dkt. 31, at 4). Schwartz argues that Luke admits that "he decided to, and did, remove his condom during sex with Emma without her knowledge." (*Id.*). However, the email to Orr, which is attached to Luke's amended complaint, does not include any such description of Luke's actions on December 18, 2021. (*See* Ex. A, Dkt. 27-1). Rather, the email only refers to Luke's actions as "the activities of sexual assault" or "sexual assault[]." (*Id.*). Indeed, if Schwartz's email read: "Luke removed his condom during sex with my daughter without obtaining her verbal consent," then Schwartz would

---

[2] The Court notes, however, that it finds that Luke sufficiently pleads the third and fourth elements of defamation.

5

be correct that there is no false statement because Luke does not deny these facts in his complaint. However, that is not what Schwartz wrote in his email to Orr.

Second, Schwartz argues that the characterization of Luke's conduct as "sexual assault" in the email to Orr is nonactionable opinion. (Mot. Dismiss, Dkt. 34, at 5). Specifically, Schwartz argues that "whether Luke's unilateral removal of his condom qualified as 'sexual assault' is a matter of legal opinion, not fact." (*Id.*). For a statement to be actionable in a defamation claim, the statement must "assert an objectively verifiable fact, rather than an opinion[.]" *Campbell v. Clark*, 471 S.W.3d 615, 625 (Tex. App.—Dallas 2015, no pet.) (citation omitted); *see also Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 639 (Tex. 2018) (requiring that a statement be "verifiable as false" to support a defamation claim (citation omitted)). "Thus, statements that cannot be verified, as well as statements that cannot be understood to convey a verifiable fact, are opinions." *Dall. Morning News*, 554 S.W.3d at 639 (citation omitted); *see also Jones v. Compass Bancshares Inc.*, 339 F. App'x 410, 412 (5th Cir. 2009) (per curiam) (holding that a "vague and subjective" statement is "incapable of being defamatory"). Whether an alleged defamatory statement constitutes an opinion or a verifiable falsity is a question of law. *Dallas Morning News,* 554 S.W.3d at 625. This legal question should be answered from the perspective of a "reasonable person's perception of the entirety of a publication and not merely on individual statements." *Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002).

Schwartz argues that his use of the term "sexual assault" is a legal opinion rather than a verifiable falsity because he is asserting his opinion that legislatures should change criminal sexual assault laws such that stealthing is considered criminal sexual assault. (Mot. Dismiss, Dkt. 31, at 5–6). Schwartz points to *Lilith Fund for Reprod. Equity v. Dickson*, 662 S.W.3d 355 (Tex. 2023), where the Texas Supreme Court found that a defendant did not commit defamation by "making statements that equate abortion to murder and by characterizing those who provide or assist in providing abortion, including the plaintiffs, as 'criminal' based on that conduct." *Id.* at 357. Schwartz equates

6

his use of the term "sexual assault" in reference to Luke to the use of "murder" and "criminal" in reference to the plaintiffs in *Lilith Fund*. (Mot. Dismiss, Dkt. 31, at 6). The Court is unpersuaded by Schwartz's comparison to *Lilith Fund*. In *Lilith Fund*, the defendant posted statements on his Facebook page in which he encouraged others to support local laws that classify abortion as murder and called abortion-providers criminals. *Lilith Fund*, 662 S.W.3d at 359. The court held that these statements were not false statements for the purposes of a defamation claim because "the collective impression" of the defendant's posts and the public's responses "is not that [the defendant] was disseminating facts about particular conduct, but rather advocacy and opinion responding to that conduct." *Id.* at 366–67. The court stated that "a reasonable person . . . could not understand [the defendant] as conveying false information about the plaintiffs' underlying conduct, as opposed to his opinion about the legality and morality of that conduct." *Id.* at 368. Here, Schwartz is not engaging in a debate about the legality or morality of Luke's conduct. He sent an email to a third party in which he stated plainly that Luke sexually assaulted Emma in high school.

Still, Schwartz argues that he "overtly couched his description of the conduct as opinion" in the email to Orr because he "explained that he and his daughter were working with the Utah legislature and their federal congressional representative to 'strengthen the laws and verbiage around the definition of sexual assault.'" (Mot. Dismiss, Dkt. 31, at 7 (citing Ex. A, Dkt. 27-1)). This vague explanation of Schwartz's advocacy work does not give any context for a reasonable reader to assume that Schwartz's use of the term "sexual assault" is a legal opinion rather than a verifiable falsehood. Schwartz did not explain that Luke's conduct is not currently considered criminal sexual assault and that Schwartz is advocating to change that. It is extremely plausible that a reasonable person would believe that Luke committed a crime upon reading Schwartz's email to Orr. The Court therefore finds that Luke's amended complaint states a claim for the publication of a false statement from the "perspective of a reasonable person's perception of the entirety of the publication." *Bentley*,

7

94 S.W.3d at 579; *see also Digerati Distribution & Mktg., LLC v. Sarl,* No. 1:22-CV-1302-DH, 2024 WL 1201007, at *9 (W.D. Tex. Mar. 20, 2024) ("The Court finds that the gist of [the] publication has a plausibly defamatory meaning, and the publication is therefore actionable.").

Schwartz further argues that even if the Court finds that his statement is not a legal opinion, Luke's defamation claim should still be dismissed because Schwartz's statement was true. (Mot. Dismiss, Dkt. 31, at 8). Even if stealthing is not a crime, Schwartz argues that it is a civil tort. Schwartz points to Texas and Utah laws that name "sexual assault" as a civil tort. (*Id.* at 6). After laying out the elements of a claim for civil sexual assault in both states, Schwartz argues that Luke's conduct on December 18, 2021 is civil sexual assault in both Texas and Utah. (*Id.* at 8). The Court is unpersuaded by this argument. "A subjective belief, even when sincerely held by a speaker, is not the standard for determining whether a statement of opinion is defamatory. The touchstone is the reasonable reader's reception, not the speaker's self-serving statements of intent or interpretation. *Lilith Fund*, 662 S.W.3d at 369. The Court again finds that it is extremely plausible that a reasonable person would not perceive this email to be about a civil tort but rather about a criminal accusation. And even if Luke's conduct was actionable as a civil tort,[3] a plaintiff "can bring a claim for defamation when discrete facts, literally or substantially true, are published in such a way that they create a substantially false and defamatory impression by omitting material facts or juxtaposing facts in a misleading way." *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 115 (Tex. 2000). For the reasons above, the Court finds that Luke sufficiently pleads that Schwartz has published a false statement, not an opinion.

---

[3] The Court makes no finding as to Luke's liability for any of his alleged actions. Luke's conduct on December 18, 2021 is not before this Court.

8

### 2. Whether Luke sufficiently pleads that he was defamed

Schwartz also contends that Luke fails to sufficiently plead that Schwartz's email was defamatory. (Mot. Dismiss, Dkt. 31, at 9). "In Texas, a statement is defamatory libel by statute if it 'tends to injure a living person's reputation and thereby expose[s] the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation.'" *Dallas Morning News,* 554 S.W.3d at 637–38 (quoting Tex. Civ. Prac. & Rem. Code § 73.001). Under Texas common law, a statement is "defamatory per se when it is 'so obviously harmful that general damages, such as mental anguish and loss of reputation, are presumed.'" *Dall. Morning News*, 554 S.W.3d at 638 (quoting *Lipsky*, 460 S.W.3d at 596). For example, "[a]ccusing someone of a crime, of having a foul or loathsome disease" constitutes defamation per se. *Lipsky*, 460 S.W.3d at 596.

Schwartz argues that his email to Orr was not defamatory toward Luke because his statement was not "derogatory, degrading, somewhat shocking, [and did not] contain elements of disgrace." (Mot. Dismiss, Dkt. 31, at 9 (citing *Farias v. Garza*, 426 S.W.3d 808, 816 (Tex. App.—San Antonia 2014, pet. denied))). The Court has already found that Schwartz's email is reasonably capable of communicating that Luke committed a crime. Accusing Luke of a crime would certainly harm his reputation and impeach his integrity, and Luke pleads as much in his amended complaint, (Am. Compl., Dkt. 27, at 10). Further, as mentioned above, Texas courts have considered accusing someone of a crime to be defamation per se. *See Lipsky*, 460 S.W.3d at 596. Schwartz cannot argue that accusing Luke of sexual assault is not defamatory when Texas courts have found such a statement to be so defamatory that general damages are presumed. The Court finds that Luke's pleadings as to the defamatory nature of the statement are sufficient to overcome a 12(b)(6) standard.

As the Court finds that Luke sufficiently pleads each element of his defamation claim, the Court will deny Schwartz's motion to dismiss as to Luke's defamation claim stemming from Schwartz's email to Orr.

### B. Public Disclosure of Private Facts

In Texas, the tort of public disclosure of private facts has three elements: (1) publicity was given to matters concerning one's personal life; (2) publication would be highly offensive to a reasonable person of ordinary sensibilities; and (3) the matter publicized is not of legitimate public concern. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473–74 (Tex. 1995). In his motion to dismiss, Schwartz argues that Luke fails to plead publicity to the public at large, that the Utah complaint is not private and cannot be used as the basis of a tort claim, and that the matter is of legitimate public concern.

The Court agrees with Schwartz that the Utah complaint is not private, and that therefore, Luke fails to state a claim for public disclosure of private facts. The Utah complaint was a part of the public record for 15 months before the Utah court sealed the case. (Mot. Dismiss, Dkt. 31, at 11). During those 15 months, Luke and his family filed under their legal names. (*Id.*). The Texas Supreme Court has held that public disclosure of private facts does not extend to "publication of facts, no matter how intimate, embarrassing, or otherwise private, which were a matter of open public record." *Johnson v. Sawyer*, 47 F.3d 716, 731 (5th Cir. 1995) (citing *Indus. Found. of the S. v. Tex. Indus. Acc. Bd.*, 540 S.W.2d 668, 684 (Tex. 1976)). Although the Utah complaint is no longer in the public record after being sealed, the Court finds that the Utah complaint is not private because it was a part of the public record for over a year. The Court does not find it necessary to reach Schwartz's remaining arguments as to this claim. The Court will grant Schwartz's motion to dismiss with respect to Luke's claim for public disclosure of private facts.

**C. Intentional Infliction of Emotional Distress**

Schwartz argues that Luke's intentional infliction of emotion distress ("IIED") claim should also be dismissed for failure to state a claim. (Mot. Dismiss, Dkt. 31, at 13). Under Texas law, the elements of IIED are: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the plaintiff's emotional distress was severe. *Bill Wyly Dev., Inc. v. Smith*, 680 S.W.3d 679, 684 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (citing *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006)). The Supreme Court of Texas has categorized IIED as a "gap-filler" tort, "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (citing *Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)).

In his motion, Schwartz states that "Luke's claim for intentional infliction is the very definition of 'threadbare'" because Luke "lists the claim's elements in a single paragraph with no factual material at all." (Mot. Dismiss, Dkt. 31, at 13). Schwartz also argues that Luke's IIED claim "rests entirely on the underlying facts for defamation or public disclosure" and is "merely duplicative." (*Id.* at 14). In response, Luke contends that he sufficiently pleads his IIED claim because he adequately alleges that Schwartz acted intentionally to "ruin the life of his daughter's former boyfriend over an act that was not criminal," which Luke describes as "extreme and outrageous" conduct. (Resp., Dkt. 34, at 19–20). Luke also argues that the Court should not dismiss his IIED claim, despite it arising from the same actions as his defamation and public disclosure of private actions claims, because "Plaintiff believes that additional outrageous and extreme conduct from Defendant will come to light which will not fit neatly into the categories of defamation and public disclosure of private facts." (Resp., Dkt. 34, at 21).

11

The Court agrees with Schwartz that Luke has failed to plead sufficient facts to support his IIED claim. "'[W]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available.'" *Miller v. Target Corp.*, 854 Fed. App'x 567, 569 (5th Cir. 2021) (quoting *Hoffmann-La Roche*, 144 S.W.3d at 447). Further, "when the substance of the complaint is covered by another tort, 'a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, [an alternate] claim.'" *Id.* (quoting *Hoffmann-La Roche*, 144 S.W.3d at 448). Further, Luke's claim that discovery may churn up additional conduct that constitutes IIED is not sufficient to survive a 12(b)(6) standard. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court finds that Luke does not sufficiently state a claim for IIED. Accordingly, the Court will grant Schwartz's motion to dismiss as to Luke's IIED claim.

### D. Request to Amend

Finally, Luke requests leave to amend his complaint should the Court find that Luke's allegations or the basis therefore are unclear in any regard. (Resp., Dkt. 34, at 7). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).

Here, the Court finds that any amendment to Luke's public disclosure of private facts or IIED claims would be futile. As explained above, the private facts that Luke alleges Schwartz disclosed are anything but private, given that they existed on the public record for over a year. And Texas case law is clear that a claim for IIED must be based on behavior that is so unusual that the

victim has no other recognized theory of redress. The Court cannot preserve an insufficiently pleaded claim because a plaintiff believes that he will eventually have allegations to support it. An amendment cannot fix these fundamental flaws in Luke's argument. Therefore, the Court will deny Luke leave to file a second amended complaint. *See Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 570 (5th Cir. 2020) (finding no abuse of discretion where a district court dismissed a complaint with prejudice after holding that the plaintiff's claim was futile).

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Schwartz's Motion to Dismiss for Failure to State a Claim, (Dkt. 31), is **GRANTED** as to Luke's public disclosure of private facts and intentional infliction of emotional distress claims and **DENIED** as to Luke's defamation claim.

**IT IS FURTHER ORDERED** that Luke's public disclosure of private facts and intentional infliction of emotional distress claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Luke's request to file a second amended complaint, (*See* Resp., Dkt. 34, at 7), is **DENIED**.

**SIGNED** on May 21, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE